```
BILAL A. ESSAYLI
United States Attorney
DAVID T. RYAN (Cal. Bar No. 295785)
Assistant United States Attorney
Chief, National Security Division
AMANDA ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5748
     Facsimile: (213) 894-2979
     E-mail:    amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-743-SB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DONG HWAN KIM, | **CURRENT TRIAL DATE:** 11-4-2025 |
| Defendant. | CURRENT LAST DATE: 11-18-2025 |
| | **PROPOSED TRIAL DATE:** 5-5-2026 |
| | PROPOSED LAST DATE: 5-19-2026 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Amanda Elbogen, and defendant Dong Hwan Kim ("defendant"), both individually and by and through his counsel of record, Renee Garcia, hereby stipulate as follows:

1. The Indictment in this case was filed on September 9, 2025. Defendant first appeared before a judicial officer of the court in

1 which the charges in this case were pending on August 29, 2025. The
2 Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
3 trial commence on or before November 18, 2025.
4     2.  On September 18, 2025, the Court set a trial date of
5 November 4, 2025, and a status conference date of October 21, 2025.
6     3.  Defendant is detained pending trial. The parties estimate
7 that the trial in this matter will last approximately three days.
8     4.  By this stipulation, defendant moves to continue the trial
9 date to May 5, 2026, and the status conference to April 21, 2026.
10 This is the first request for a continuance.
11     5.  Defendant requests the continuance based upon the following
12 facts, which the parties believe demonstrate good cause to support
13 the appropriate findings under the Speedy Trial Act:
14         a.  Defendant is charged with violations of 18 U.S.C.
15 §§ 2251(a), (e) (Production of Child Pornography); and 18 U.S.C.
16 §§ 2252A(a)(5)(B), (b)(1) (Possession of Child Pornography). The
17 government has made available to the defense numerous videos and
18 photographs containing the child sexual abuse material ("CSAM") at
19 issue in this case. Much of the remaining discovery in this case
20 contains information relating to child victims and/or witnesses.
21 Accordingly, the parties plan to file a stipulation for a protective
22 order to govern the dissemination and disclosure of discovery in this
23 case. The government plans to produce several hundred pages of
24 discovery to the defense upon entry of the protective order,
25 including reports of law enforcement agencies and records obtained
26 from third party businesses.
27     On September 18, 2025, defendant's current counsel substituted
28 in as counsel of record. Defense counsel is presently scheduled to

be in the following trials: People v. Luis Aviles, a single-defendant attempted murder, witness intimidation and gang allegations trial, scheduled to start Sept. 24, 2025 and estimated to last 14 days; People v. Christian Quiros, a four-defendant attempted murder, unlawful discharge of a firearm, and gang allegations trial, scheduled to trail the above-referenced case (Luis Aviles), and estimated to last 14 days; People v. Rudy Ceja, a single-defendant trial alleging multiple counts of rape, and possession for sale of controlled substance, scheduled to begin November 5, 2025 and estimated to last 10 days; People v. Jonathan Hernandez, a single-defendant attempted murder and robbery with gang allegations trial, scheduled to start December 3, 2025 and estimated to last 10 days; 10 day estimate; United States v. Elri Yun, 8:25-CR-00017-JVS, a single-defendant money laundering and fraud trial scheduled to start February 3, 2026 and estimated to last 5 days; and United States v. Terry Patton, 2:25-CR-00489-DOC, a single-defendant health care fraud trial scheduled to start April 14, 2026 and estimated to last 7-10 days.  Accordingly, counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

       b.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny her reasonable time

3

necessary for effective preparation, taking into account the exercise of due diligence.

      c.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      d.    The government does not object to the continuance.

      e.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 4, 2025, to May 5, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 22, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

      /s/
AMANDA ELBOGEN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am DONG HWAN KIM's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 17, 2026, is an informed and voluntary one.

/s/ Renee Garcia

RENEE GARCIA
Attorney for Defendant
DONG HWAN KIM

9/22/2025

Date

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 17, 2026.

*/s/ per counsel's email authorization*     9/22/2025

DONG HWAN KIM                                   Date
Defendant